09-3041-ag
Tunkara v. Holder

BIA
Brennan, IJ
A 098 149 071

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RICHARD C. WESLEY,
      *Circuit Judges*.

_____

DAGUMIE TUNKARA,
      *Petitioner*,

      v.                                          09-3041-ag
                                                  NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL, ET AL.,
      *Respondents*.

_____

FOR PETITIONER:        Brian I. Kaplan, New York, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General; Emily Anne Radford,
                       Assistant Director; Aviva L.
                       Poczter, Senior Litigation Counsel,
                       Office of Immigration Litigation,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Dagumie Tunkara, a native and citizen of Sierra Leone, seeks review of the June 17, 2009, order of the BIA affirming the September 20, 2007, decision of Immigration Judge ("IJ") Noel Brennan pretermitting his application for asylum, and denying his application for withholding of removal and CAT relief. *In re Dagumie Tunkara*, No. A 098 149 071 (B.I.A. June 17, 2009), *aff'g* No. A 098 149 071 (Immig. Ct. N.Y. City Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or

2

its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, however, Tunkara merely challenges the IJ's factual finding regarding his date of arrival in the United States. Thus, we are without jurisdiction to consider the IJ's pretermission of his asylum application and dismiss the petition for review to that extent.

With respect to Tunkara's application for withholding of removal, we find that substantial evidence supports the IJ's adverse credibility determination. Tunkara does not challenge the IJ's findings that: (1) his vague and evasive demeanor during his hearing undermined his credibility; (2) his testimony that he secured his departure on a ship leaving Sierra Leone solely by begging and without payment was inconsistent with his written statement that he paid a person to board the ship; and (3) his testimony that he received civilian clothes when leaving the ship was inconsistent with his written statement that he received a cook's uniform. Accordingly, those findings stand as valid

3

bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Tunkara argues that his inconsistent statements regarding the manner in which his mother was killed were "ancillary" to his application for relief.  To the contrary, that discrepancy went to the heart of his claim that he was detained and mistreated, and that his father and mother were murdered because of their ethnic background and perceived political opinion.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).  The IJ also did not err in basing her adverse credibility determination, in part, on Tunkara's inconsistent statements regarding how and when he received his passport.  Even if those inconsistencies were more minor, the IJ was entitled to consider them cumulatively with the other discrepancies she identified.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder") (internal quotation omitted); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006) ("[A]n IJ need not

4

consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.") (internal quotations and citations omitted). Finally, the IJ did not err in finding that Tunkara failed to adequately corroborate his otherwise incredible claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (holding that an applicant's failure to corroborate his testimony may bear on credibility when the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question).

Because Tunkara's claims for withholding of removal and CAT relief were based on the same factual predicate, the IJ's adverse credibility determination undermined both claims. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk